**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------×
JESSICA GALLAGHER,

             *Plaintiff,*

      v.

VISITDAYS CORP., SUJOY ROY, and JOSE FLORES,

            *Defendants.*
-----------------------------------------------------------------------×

**22-CV-08553**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Jessica Gallagher, by her attorneys, Young & Ma LLP, complains of Defendants as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Jessica Gallagher ("Plaintiff" or "Ms. Gallagher") seeks damages and costs against Defendants VisitDays Corp. ("VisitDays" or the "Company"), Sujoy Roy ("Roy"), and Jose Flores ("Flores")(collectively, "Defendants") for discriminating and retaliating against her based on sex and disability and perpetuating pervasive sex/disability stereotypes, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. §§ 12101 *et seq.;* the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

2. Plaintiff also seeks damages and costs against Defendants for failing to pay her equally as to her comparative male colleagues and comparative colleagues that did not require reasonable accommodations to perform their roles, which provide similar or the same work and have similar or the same credentials and experience as Plaintiff, and for retaliating against her for exercising

1

her rights in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d) *et seq.*, and N.Y. Labor Law § 194.

3. Finally, Plaintiff seeks damages and costs against Defendants for unlawful discrimination and retaliation under the Family and Medical Leave Act ("FMLA"), 29 US.C. §2601 *et seq.* and New York Paid Family Leave Law, 12 N.Y.C.R.R. § 355 *et seq.*

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendants violated Plaintiff's rights under Title VII, the ADA, the EPA, and the FMLA.

5. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about April 12, 2021.

6. Plaintiff requested a right to sue from the EEOC on or about July 8, 2022. The EEOC issued the right to sue shortly on or about July 11, 2022.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL, New York Paid Family Leave Law, and New York Labor Law claims as they are so related to the Title VII, ADA, EPA, and FMLA claims that they form part of the same case or controversy.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

9. Plaintiff, at all times relevant hereto, was and is a resident of Kings County in the State of New York.

10. Upon information and belief, at all times relevant hereto, Defendant VisitDays Corp. was and is a foreign business corporation organized under the laws of the State of Delaware, doing business in New York City with offices located at 228 Park Avenue South, Suite 17166, New York, New York 10003.

11. Upon information and belief, Defendant Sujoy Roy is an individual residing in Virginia and works in the New York City office of the Company.

12. Upon information and belief, Defendant Jose Flores is an individual residing in New York and works in the New York City office of the Company.

## STATEMENT OF MATERIAL FACTS

13. Ms. Gallagher has been diagnosed with stress-triggered general anxiety, bipolar disorder, and ADHD. As a 35-year-old female who graduated from the University of Maryland with a bachelor's degree in marketing, Ms. Gallagher had business development and advisory services experience in roles in Washington, D.C. before working as Managing Director at Tun, Inc. in business development and account management.

14. Located in midtown Manhattan, VisitDays is a privately-held venture-capital backed software company that enables prospective college students to physically meet and engage with current students and admissions officers. The Company employs approximately 15 people in New York.

15. At all times during her employment with VisitDays, Ms. Gallagher was based in New York City.

16. Given her experience and tenure, it was a complete steal for VisitDays to hire Ms. Gallagher at a $70,000 annual salary in January 2019. Given the way Defendant Roy (the CEO)

did his background check, Ms. Gallagher was terminated from her preceding employment before starting at the Company.

17. As Director of Client Solutions at VisitDays, Ms. Gallagher reached significant milestones for the Company such as ensuring a 90% renewal rate from a client portfolio worth $1.3M; diagnosing issues, creating strategic plans, analyzing data using SQL, and advising Vice Presidents of Enrollment and their teams on enrollment management and campus visit best practices; collaborating with engineering, product, sales and marketing teams to ensure that products provide value and remain competitive while also identifying new revenue streams; creating the VisitDays Experience Audit product, which audits current enrollment processes giving leaders insight into their team's alignment with the institution's mission, understand students' campus visit experiences, scores the institution's digital footprint and provides competitive intelligence; creating knowledge Base articles and training videos on Intercom; and building training websites using JavaScript, HTML, CSS, Bootstrap, and GitHub.

18. When Ms. Gallagher commenced her employment in January 2019, a male employee, Dan King ("King"), was in her same level at the time as a Customer Success Manager. King had graduated after Ms. Gallagher, had less experience and was worse performing. Given Ms. Gallagher's clear competence comparably, King was ultimately terminated in April 2019 although Ms. Gallagher was subsequently treated much worse during her tenure. King had left the contracts of the Company in a mess, which Jessica had to reorganize using a new CRM system. From here, she was able to create renewal opportunities and new lines of business.

19. In May/June 2019, the Company went through a search for consultants to invoice customers and to outsource the CFO position. It was ultimately decided that Ms. Gallagher would still support in this work. However, she was not given a raise/additional pay for this work and was

comparatively paid much lower than men of her equal seniority and experience at the Company. As the work was relatively administrative, Ms. Gallagher also believes it was assigned to her because she is a woman (and there were not many women at the Company).

20. In September 2019, the Company participated in an important NACAC (National Association for College Admission Counseling) conference, which is extremely important in the industry. The CEO (Defendant Roy), COO (Defendant Flores), and Director of Digital Marketing (Matthew Klingbeil)("Klingbeil") went to this conference even though Ms. Gallagher was the more appropriate attendee. The senior men in the Company just felt more comfortable only bringing the "boys club". Roy, Flores, and Kleinbeil had a very fraternal relationship, where they also drank bourbon and smoked cigars together outside of work. There were very few women at the Company and they certainly did not have a women's network. Roy supervised very few women in his career.

21. At the NACAC conference, Eric Shor ("Shor")(VP of Enrollment Management at Alderson Broaddus University in West Virginia) gave great reviews about Ms. Gallagher. This further evidenced why it was to the Company's interest to include her on this trip. However, surprisingly after relaying to Ms. Gallagher that she got great feedback from Shor, the Company suddenly told her to spend less time managing relationships although customer relationships was her role. Clearly, the men felt threatened by her work and wanted her to stay in her lane while they take credit for all her accomplishments.

22. In October 2019, Ms. Gallagher's subscription model idea, which has been profitable for prior companies that she worked for, was turned down. The Company did not support profitable suggestions from an experienced female employee and yet has plenty of wasted resources they

could have pulled from. For instance, the VP of Product (male) was never held accountable for his work and Defendant Roy never encouraged him to be more efficient on calls or with customers.

23. In January 2020, Ms. Gallagher was finally promoted for her proven tangible positive contributions to the company. The process for her to be promoted was much more difficult than it was for Klingbeil, the male Director of Digital Marketing.

24. In February 2020, Defendant Roy was not happy with a case study that Klingbiel was in charge of and that Ms. Gallagher worked on. Although she had a much smaller role than Klingbeil, she was the one blamed by Roy, who said it was "not your best work". There was no public reprimand of Klingbiel. However, for Ms. Gallagher, Roy stood over her shoulders instructing her about basic math (exercising another stereotype that women are bad at math), refusing to accept that she could obviously perform basic arithmetic and that the issue was in the data provided by the customer.

25. On March 23, 2020, Ms. Gallagher disclosed to Defendants Roy and Flores that she was having significant issues in her marriage and required immediate counseling. She had taken March 19 and 20 off to address this. The Company did not inquire whether she needed further accommodations either in the form of days off or work adjustments. After this time, all of senior management simply stopped speaking to Ms. Gallagher. They used this opportunity to undermine her and cut her out of involvement with her own customers. Misrepresentations were made about products that were not ready, and Ms. Gallagher was left out of the loop on many company decisions. The NACAC project which clearly should have been assigned to Jessica was diverted elsewhere.

26. By June 2020, Ms. Gallagher again needed time off due to the combination of work stress and her marital issues. Company Slack messages well documented the need was medical. She

took the first week of June off and returned on June 8.  Upon her return, Defendants Roy and Flores demonstrated their clear anger due to her need for medical accommodations and she suffered retaliation for her disability and conditions.  Upon further questioning, Ms. Gallagher revealed that her husband had been unfaithful and addicted to porn.  While this provided some brief reprieve to the hostility, neither Roy or Flores nor anyone in senior management (or HR) asked whether she would require further accommodations.

27. Immediately thereafter, Ms. Gallagher was accused of underperformance and the stereotypes against women with marital problems were quickly applied to assume she simply did awful work from March to June due to her disability.  The Company took no responsibility for essentially cutting her out of all important decisions as it scrambled in the COVID-19 economy.  Finding out about Ms. Gallagher's marital problems and mental health conditions gave the Company a convenient excuse to blame all business issues during quarantine (when she was cut off from participation in all decisions) on her "poor" performance.  ***Ms. Gallagher was terminated 10 days after she returned from a protected disability leave on June 18, 2020.***

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Sex Discrimination and Hostile Work Environment
### in Violation of Title VII
### (Against Defendant VisitDays)

28. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

29. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., for relief based upon the unlawful employment practices of Defendant VisitDays.

30. VisitDays was Plaintiff's "employer" within the meaning of Title VII.

31. Plaintiff was a female "employee" of VisitDays and is a member of protected classes within the meaning of Title VII.

32. At all times, the Company was aware of Plaintiff's sex.

33. By the conduct alleged in this Complaint, VisitDays discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of her employment because of her sex.

34. Plaintiff was subjected to a pervasive hostile work environment by the Defendant's conduct.

35. The Company engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's sex in the manner described in the Statement of Facts.

36. Plaintiff suffered adverse employment actions and continuing damage by the Defendant due to her sex and the hostile work environment that Plaintiff suffered at VisitDays because of her sex.

37. As a direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income and damage to reputation. Plaintiff has also suffered and/or will suffer future pecuniary losses, attorney's fees and costs, emotional and physical pain and suffering, inconvenience and other non-pecuniary losses.

38. As a further direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other things, impairment and damage to her good name and reputation, emotional distress, physical injury, mental anguish and lasting embarrassment and humiliation.

39. Plaintiff is entitled to recover, inter alia, monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees, emotional distress damages and compensatory damages from VisitDays under Title VII.

**SECOND CAUSE OF ACTION**
**Disability Discrimination in Violation of**
**the Americans with Disabilities Act**
**(Against Defendant VisitDays)**

40. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

41. At all relevant times, Plaintiff was an "employee" of VisitDays under the ADA, 42 U.S.C. § 12111(4).

42. Defendant VisitDays is an "employer" under the ADA, 42 U.S.C. § 12111(5).

43. Defendant VisitDays violated the ADA by discriminating against Plaintiff based on her disabilities in connection with employment determinations including, inter alia, pay, promotion, job assignments, training, leave, benefits, and other employment related activities.

44. Plaintiff suffers from protected disabilities under the ADA, which she made known to her employer VisitDays.

45. Plaintiff's disability was used by the Company, wrongfully and without basis, to deny Plaintiff the pay, privileges, and other benefits to which she was rightfully entitled by, inter alia, limiting, segregating, or classifying Plaintiff in a way that adversely affects the opportunities or status of Plaintiff because of her disability.

46. In fact, the Company utilized Plaintiff's disability and/or perceived disability to torture her and make her uncomfortable and in ways that were detrimental to her health and safety until she was forced to take time off, further limiting her career.

47. The Company's discrimination against Plaintiff based on her disability and/or perceived disability was intentional and willful.

48. By reason of the foregoing, Plaintiff is entitled to recover, inter alia, monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees, emotional distress damages and compensatory damages from VisitDays.

**THIRD CAUSE OF ACTION**
**Sex Discrimination and Hostile Work Environment**
**in Violation of NYSHRL**
**(Against All Defendants)**

49. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

50. This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

51. At all relevant times, the Company was Plaintiff's "employer" within the meaning of the NYSHRL.

52. At all relevant times, Plaintiff was an "employee" of VisitDays within the meaning of the NYSHRL.

53. At all times, Defendants were aware of Plaintiff's sex.

54. Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's sex in the manner described in the Statement of Facts.

55. Plaintiff is severely limited in her career by Defendants' unlawful conduct due to her sex.

56. Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting,

compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

57. Defendants are also individually and jointly liable for the unlawful conduct herein, including, without limitation, as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

59. Plaintiff's damages include, inter alia, financial loss, loss of employment opportunities, damage to her career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment opportunities.

60. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to, back pay, front pay, compensatory and punitive damages, and costs and attorney's fees from Defendants under the NYSHRL.

### FOURTH CAUSE OF ACTION
### Sex Discrimination and Hostile Work Environment
### in Violation of NYCHRL
### (Against All Defendants)

61. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

62. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

63. At all relevant times, Defendants were an employer and person within the meaning of the NYCHRL.

64. At all relevant times herein, Plaintiff was an employee and person within the meaning of the NYCHRL.

65. At all times, Defendants were aware of Plaintiff's sex.

66. Defendants engaged in, and continue to engage in, unlawful employment practices prohibited by NYCHRL because of Plaintiff's sex in the manner described in the Statement of Facts.

67. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

68. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and a hostile work environment.

69. Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL.

70. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages, lost back pay, lost benefits, lost bonuses, interest on the foregoing, and attorney's fees and costs.

71. As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional and physical pain and suffering, and lasting embarrassment and humiliation.

72. Plaintiff is entitled to recover monetary damages and other damages and relief, including compensatory and punitive damages, interest, and attorney's fees and costs from Defendants under the NYCHRL.

## FIFTH CAUSE OF ACTION
### Failure to Provide Reasonable Accommodation
### in Violation of the ADA (Against Defendant VisitDays)
### and the NYSHRL and NYCHRL
### (Against All Defendants)

73. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

74. The ADA, NYSHRL and NYCHRL require Defendants to engage in a mandatory interactive process and cooperative dialogue to identify a reasonable accommodation for an employee with disabilities such as Plaintiff, but Defendants failed to do so for Plaintiff.

75. Defendants failed to provide simple reasonable accommodations that would require little to no business burden for Defendants for Plaintiff's disabilities, by refusing to engage in any meaningful mandatory interactive process and cooperative dialogue in good faith to provide reasonable accommodations.

76. As such, Defendants have violated the ADA, NYSHRL and NYCHRL.

77. Additionally, Defendants failed to engage in a meaningful cooperative dialogue with Plaintiff after notice of Plaintiff's medical needs as alleged in the Statement of Facts, and failed to provide a credible written explanation as to why these accommodations are not possible for VisitDays and for the experience and role Plaintiff had.

78. As a direct and proximate consequence of Defendants' discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress, all in amounts to be determined at trial.

79. Defendants' discriminatory conduct was willful and in reckless disregard of Plaintiff's protected rights.  As such, Plaintiff is entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION
### Pay Discrimination
### in Violation of the EPA
### (Against All Defendants)

80. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

81. At all times relevant herein, Plaintiff was a "Person" as defined under 29 U.S.C. § 203(a).

82. At all times relevant herein, Plaintiff was an "Employee" as defined under 29 U.S.C. § 203(e)(1).

83. At all times relevant herein, Defendant VisitDays was an "Employer" as defined under 29 U.S.C. § 203(d).

84. At all times relevant herein, Defendant Roy and Defendant Flores were "Employers" as defined under 29 U.S.C. § 203(d). Roy and Flores had operational control over Plaintiff's employment at VisitDays, controlled significant functions of the business with respect to Plaintiff's employment, and determined salaries, hiring decisions, performance evaluations and other terms and conditions relevant to Plaintiff and her peers.

85. Defendants discriminated against Plaintiff within the meaning of the Equal Pay Act by providing her with lower pay and other less favorable terms and conditions of employment than similarly situated male colleagues on the basis of her sex even though Plaintiff performed equal and/or more work requiring equal and/or more skill, effort, and responsibility as her similarly situated male counterparts.

86. Plaintiff and similarly situated male colleagues all performed equal job duties and functions.

87. Plaintiff and similarly situated male colleagues all performed equal work that required equal skill, effort and responsibility, and that was performed under similar working conditions.

88. Defendants discriminated against Plaintiff by subjecting her to discriminatory pay, discriminatory denial of raises and bonuses and other compensation, discriminatory denial of promotions and/or titles, and other forms of discrimination in compensation in violation of the Equal Pay Act.

89. The differential in pay between Plaintiff and her male colleagues was not due to seniority, merit, quantity or quality of production, or a factor other than sex. Rather, the differential in pay was due to Plaintiff's sex.

90. Defendants caused, attempted to cause, contributed to, or caused the continuation of wage rate discrimination based on gender in violation of the Equal Pay Act.

91. Defendants' actions were not done in good faith nor did they have any reasonable grounds for believing that their acts or omissions were not a violation of the Fair Labor Standards Act.

92. As a result, Plaintiff is entitled to liquidated damages.

93. Defendants' foregoing conduct also constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a).

94. As a result, Plaintiff has suffered and continues to suffer damages and harm, including but not limited to lost wages and lost earning capacity and loss of confidence.

95. Plaintiff is entitled to recover monetary damages and other damages and relief under 29 U.S.C. § 206(d) *et seq.* and 29 U.S.C. §255(a) *et seq.*

### SEVENTH CAUSE OF ACTION
### Violation of the New York State Labor Law § 194
### (Against all Defendants)

96. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

97. Plaintiff was an "employee" of VisitDays as defined under N.Y. Lab. Law § 190(2).

98. Defendants are "employers" as defined under N.Y. Lab. Law § 190(3).

99. Defendants knowingly, willfully and intentionally paid Plaintiff less than her co-workers performing substantially similar work due to Plaintiff's sex.

100. Defendants' disparate treatment of Plaintiff with respect to her compensation is not based on any legally-recognized differential or bona fide factor, but rather is based on Plaintiff's status in protected classes.

101. The facts supporting unequal pay and terms and conditions of employment are further outlined in the Statement of Facts.

102. As a result of Defendants' unlawful conduct in violation of the N.Y. Labor Law, Plaintiff is entitled under N.Y. Lab. Law § 198 to recover the full amount of the underpayment, her reasonable attorney's fees and costs, prejudgment interest and liquidated damages up to three hundred percent of the total amount of the wages due for Defendants' willful violation.

### EIGHTH CAUSE OF ACTION
### Retaliation in Violation of
### Title VII and the ADA (Against Defendant VisitDays) and the
### NYSHRL and NYCHRL
### (Against All Defendants)

103. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

104. Defendant VisitDays violated Title VII and the ADA, and all Defendants violated the NYSHRL and NYCHRL, because they knowingly retaliated against Plaintiff for objecting to the discrimination at VisitDays and requesting reasonable accommodations for her disabilities as alleged in the Statement of Facts above.

105. Defendants were aware that Plaintiff engaged in the protected activities alleged above.

106. Because of her protected activities, Defendants took retaliatory adverse employment actions against Plaintiff as alleged in the Statement of Facts above.

107. The unlawful retaliation against Plaintiff by Defendants was done with malice and reckless indifference to Plaintiff's protected rights.

108. As a direct and proximate result of the unlawful retaliation by Defendants, Plaintiff has suffered damage to her career path, adverse job consequences, including economic damages, and continues to suffer damages, including severe mental, physical and emotional stress, pain and suffering, anxiety, stress, humiliation, loss of enjoyment of life and damage to her reputation and career.

## **JURY DEMAND**

109. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

A. Issue a declaratory judgment declaring that the actions of the Defendants, as set forth in this Complaint, violated: (i) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; (ii) Americans with Disabilities Act, codified at 42 U.S.C. §§ 12101 et seq.; (iii) the New York State Human Rights Law, N.Y. Exec. Law. § 290 et seq.; (iv) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.; (v) Equal Pay Act of 1963, 29 U.S.C. § 206(d) et seq.; (vi) New York Labor Law §194; (vii) Family and Medical Leave Act, 29 US.C. §2601 et seq.; and (viii) New York Paid Family Leave Law, 12 N.Y.C.R.R. § 355 et seq., and (ix) that Defendants' foregoing acts of discrimination, harassment and retaliation against Plaintiff were intentional and willful.

B. Enjoin and restrain the Defendants and all persons acting on their behalf, or in concert with them, from engaging in such unlawful discriminatory and retaliatory practices;

C. Enter judgment in favor of the Plaintiff, and against the Defendants, for back pay, front pay, and lost benefits, including, among other things, in the amount of the wages and bonuses it is determined that the Plaintiff lost as a result of the Defendants' unlawful, discriminatory and retaliatory conduct, together with interest (and adjusted to make Plaintiff whole for any increased tax liability incurred by her receipt of a lump sum payment in a single year);

D. Enter judgment in favor of the Plaintiff, and against the Defendants for compensatory damages, including but not limited to, damages for Plaintiff's mental anguish, humiliation, lack of self-respect, emotional and physical pain, suffering and illness, together with interest;

E. Award the Plaintiff punitive damages;

F. Award the Plaintiff liquidated damages;

G. Award the Plaintiff reasonable attorney's fees, interest, and expenses together with the costs of this action;

H. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of the Plaintiff's rights under the laws cited herein, to prevent their recurrence in the future and to protect other employees from such unlawful behavior; and

I.  Such other and further relief as the court deems appropriate to be determined at trial.

Dated: New York, New York
October 7, 2022

Respectfully submitted,

By: _____
Tiffany Ma, Esq.
Young & Ma LLP
845 United Nations Plaza, 37th Floor
New York, NY 10017
T: (646) 379-7703
F: (866) 839-4306
tma@youngandma.com