```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
JESSICA GALLAGHER,                                                   :
                                                                     :
                              Plaintiff,                             :
                                                                     :           22-CV-8553 (JMF)
                      -v-                                            :
                                                                     :           MEMORANDUM OPINION
VISITDAYS CORP et al.,                                               :                AND ORDER
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On December 6, 2022, Defendants moved to dismiss Plaintiff's claims under Title VII, the ADA, the EPA, and the FMLA for lack of subject-matter jurisdiction. *See* ECF No. 13. More specifically, relying on evidence outside the complaint — namely, an employee "head count" — Defendants contend that VisitDays Corp. did not, at the time of Plaintiff's employment, have the requisite number of employees to trigger the federal laws invoked by Plaintiff. *See id.* at 8-12 (citing ECF No. 13-3). It is well settled, however, that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Following *Arbaugh*, courts have held the same as to the ADA and the FMLA. *See, e.g.*, *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 726 n.4 (10th Cir. 2006) (FMLA); *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356 (5th Cir. 2006) (same); *Thomas v. Miller*, 489 F.3d 293, 296 n.3 (6th Cir. 2007) (same); *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012) (ADA); *Parker v. Mack*, No. 09-CV-1049A, 2010 WL 11507368, at *2 (W.D.N.Y. Jan. 4, 2010) (same). The EPA, meanwhile, does not appear to include a numerical threshold of employees at all. *See, e.g.*, *MacSweeney v. ING Life Ins. & Annuity Co.*, No. 11-CV-971 (VB), 2011 WL 4839086, at *3 (S.D.N.Y. Oct. 12, 2011) (noting that the definition of "employer" in the Fair Labor Standards Act — that is, "any person acting directly or indirectly in the interest of an employer

in relation to an employee," 29 U.S.C. § 203(d) — applies to the EPA). Accordingly, to the extent that VisitDays Corp.'s motion is based on Rule 12(b)(1) of the Federal Rules of Civil Procedure and relies on extrinsic evidence with respect to the number of its employees, the motion is plainly frivolous.

That said, it is not clear that Plaintiff's allegations with respect to the size of VisitDays Corp. suffice even under the Rule 12(b)(6) standard, as the Complaint alleges only that VisitDays Corp. "employs *approximately* 15 people in New York." ECF No. 1, ¶ 14 (emphasis added); *see, e.g.*, *Torres v. Cortland ENT, P.C.*, 2017 WL 2623893, at \*2 (N.D.N.Y. June 16, 2017) (dismissing Plaintiff's Title VII claims for "fall[ing] short of the pleading requirement that Defendant employs a sufficient number of employees to qualify as an employer within the meaning of Title VII"). Accordingly, VisitDay Corp.'s motion — although meritless — raises the question of whether Plaintiff could or should amend the Complaint.

The Court will hold a telephone conference on **December 8, 2022**, at **3:00 p.m.**, to address the foregoing issues. To access the conference, counsel should call 888-363-4749 and use access code 5421540#. Members of the press and public may call the same number, but will not be permitted to speak during the conference. The parties are reminded to follow the procedures for telephone conferences described in the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman. Among other things, those procedures require counsel to provide advance notice of who will participate in the conference and the telephone numbers they will use to participate.

SO ORDERED.

Dated: December 7, 2022
      New York, New York

                                         JESSE M. FURMAN
                                         United States District Judge