```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
JESSICA GALLAGHER,                                              :
                                                                :
                        Plaintiff,                              :
                                                                :       22-CV-8553 (JMF)
                -v-                                             :
                                                                :       MEMORANDUM OPINION
VISITDAYS CORP et al.,                                          :            AND ORDER
                        Defendants.                             :
                                                                :
----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On December 6, 2022, Defendants moved to dismiss Plaintiff's claims under Title VII, the ADA, the EPA, and the FMLA for lack of subject-matter jurisdiction.  *See* ECF No. 13.  More specifically, relying on evidence outside the complaint — namely, an employee "head count" — Defendants contended that VisitDays Corp. did not, at the time of Plaintiff's employment, have the requisite number of employees to trigger the federal laws invoked by Plaintiff.  *See id.* at 8-12 (citing ECF No. 13-3).  The next day, the Court entered an Order describing the motion as "plainly frivolous." ECF No. 14.  Quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006), the Court noted that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue" and observed that, following *Arbaugh*, courts had held the same as to the ADA and the FMLA, *see* ECF No. 14 (citing *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 726 n.4 (10th Cir. 2006) (FMLA); *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356 (5th Cir. 2006) (same); *Thomas v. Miller*, 489 F.3d 293, 296 n.3 (6th Cir. 2007) (same); *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012) (ADA); *Parker v. Mack*, No. 09-CV-1049A, 2010 WL 11507368, at *2 (W.D.N.Y. Jan. 4, 2010) (same)).  The Court noted that the EPA "does not appear to include a numerical threshold of employees at all." *Id.* (citing *MacSweeney v. ING Life Ins. & Annuity Co.*, No. 11-CV-971 (VB), 2011 WL 4839086, at *3 (S.D.N.Y. Oct. 12, 2011)).  The Court

reiterated the points in a conference held the next day, after which it denied Defendants' motion and granted leave to Plaintiff to file an amended complaint. ECF No. 16.

Amazingly, Defendants now move to dismiss Plaintiff's First Amended Complaint on the very same grounds. *See* ECF No. 19 ("Defs.' Mem."). (Making matters worse, Defendants filed the new motion late. *See* ECF No. 20.) If Defendants' initial motion was "plainly frivolous," their new motion — coming after the Court's Order and conference — is arguably sanctionable.[1] Thus, the motion is denied, except to the extent that it seeks to dismiss Plaintiffs' claims against Defendants Sujoy Roy and Jose Flores pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, *see* Defs.' Mem. 11, as to which the Court reserves judgment. **Plaintiff shall respond to that argument and that argument alone no later than January 19, 2023; no reply may be filed absent prior leave of Court.**

SO ORDERED.

Dated: January 13, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] Defendants argue that some of Plaintiff's claims fail to state a claim for other reasons, but those arguments are largely conclusory and entirely meritless. Indeed, the arguments are in substantial part based on extrinsic evidence. *See* Defs.' Mem. 11 ("Additionally, the complaint fails to state a cause of action upon which relief can be granted. Defendants have shown through documentary evidence and affidavits that Plaintiff was not discriminated against based on her sex, physical or mental condition; was not subjected to a hostile work environment; and was treated and paid equally with her male counterpart."). It is a fundamental principle of law that the Court may not consider such material in deciding a motion to dismiss for failure to state a claim.